MARTIN, D.B.A GARY'S PLUMBING & HEATING, APPELLEE, *v.* BULLINGER, APPELLANT.

(No. S-87-32—Decided January 15, 1988.)

*Gary Martin, pro se.*
*Michael A. Robusto,* for appellant.

*Per Curiam.* This cause is before this court from a judgment rendered by the Fremont Municipal Court.

Appellant filed a timely notice of appeal asserting the following as his sole assignment of error:

"The Court erred in refusing to grant a judgment to Appellant consumer against Appellee supplier pursuant to Ohio Revised Code § 1345.09, where Appellee committed an unfair or deceptive practice in connection with a consumer transaction involving Appellant, as defined by Ohio Administrative Code § 109:4-3-05."

On December 12, 1986, appellant hired appellee to repair a gas leak at his residence. Earlier that day, Columbia Gas discovered the leak at appellant's residence while working on a gas main and shut off appellant's gas service until repair was made. According to testimony, appellee replaced a gas valve on the furnace, performed a pressure test to detect leaks, and proceeded to correct the leakage problem. Appellee gave no estimate of the cost of repairs before beginning work. Columbia Gas later returned but refused to turn the gas on since a leak was still detected.

At this point, appellant called in another company, Environmental Control Systems, to repair the gas leak. This company replaced the gas piping in the home. After this work was completed, the gas company came out and after testing the system for leaks found everything to be sealed and restored the gas in the home. On that day, appellant paid to appellee the sum of $225.60 and to Environmental Control Systems the sum of $215.15. Appellant later stopped payment on the check to appellee.

Appellee filed a complaint in the Small Claims Division of the Fremont Municipal Court on January 27, 1987 for the work done plus costs. Appellant filed a counterclaim on March 13, 1987 alleging that appellee "committed acts and practices that have been declared to be deceptive or unconscionable by rules adopted pursuant to Ohio Revised Code Section 1345.05(B)(2)." A hearing was held May 18, 1987. The trial judge denied the counterclaim and granted appellee's complaint for the amount of the repairs. He based his decision on the fact that there were different repairs made by the different plumbing companies.

Appellant contends on appeal that appellee committed, in connection with a consumer transaction, an "unfair and deceptive act" as defined in R.C. 1345.01 *et seq.* and Ohio Adm. Code 109:4-3-05(B).

R.C. 1345.02 provides in part:

"(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

R.C. 1345.03(A) provides similar language as applied to unconscionable acts.

R.C. 1345.01(A) sets forth the definition of a "consumer transaction":

" 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, franchise, or an intangible, except those transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, those between attorneys, physicians, or dentists and their clients or patients, or those between veterinarians and their patients that pertain to medical treatment but not ancillary services, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

After a thorough review of the applicable law and the facts in the instant case, we conclude that the Consumer Sales Practice Act is fully applicable. It is apparent that appellee fits the description of "supplier" under R.C. 1345.01 and that appellant is a "con-

sumer" as defined in that same section. Because this transaction does not fall within those transactions expressly excluded in R.C. 1345.01(A), we must conclude that the services rendered to appellant fall within the plain meaning of the statute.

The testimony indicates that the anticipated cost of the services rendered by appellee was expected to exceed $25. Furthermore, the repair service was to be performed at appellant's residence. Accordingly, pursuant to Ohio Adm. Code 109:4-3-05(B), it was necessary for appellee to orally inform appellant at the time of the initial contact and prior to the commencement of work of appellant's right to receive a written or oral estimate and to provide him with a form that conformed to the requirements of Ohio Adm. Code 109:4-3-05(A)(1).

The trial judge held that R.C. Chapter 1345 and Ohio Adm. Code 109:4-3-05 could not practically be applied to a utility company requirement that gas not be restored to a residence until leaks were corrected. However, difficulty or impracticability is not a consideration in application. See *Brown* v. *Deacon's Chrysler Plymouth, Inc.* (App. 1979), 14 O.O. 3d 436. Accordingly, we find appellant's sole assignment of error to be well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Fremont Municipal Court as to appellant's counterclaim is reversed. This cause is remanded to said court for a determination of damages and other proceedings not inconsistent with this decision. It is ordered that appellee pay court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

CONNORS, RESNICK and GLASSER, JJ., concur.